# CIRCUIT COURT OF THE CITY OF RICHMOND

Edith Dickerson Clements

v.

Ravi Prasad

December 23, 1999

Case No. HK-1959

BY JUDGE T. J. MARKOW

This case is before the court on Plaintiff's and Defendant's Motions for Summary Judgment.

The only issue before the court is whether the advertisement of a foreclosure on Plaintiff's property was improper under Va. Code Ann. § 55-59.3, rendering the foreclosure sale void when the name of the street where the property was located was admittedly spelled incorrectly. Under the undisputed facts and circumstances of this case, the court answers the query in the negative.

In August 1999, the Substitute Trustee foreclosed on the property under a Deed of Trust executed by Plaintiff. The property is located at 7639 Idlewyld Road in Richmond, Virginia. In an advertisement for the foreclosure in the *Richmond Times-Dispatch,* the address was correct except that the street name was misspelled and appeared as "Idlewilde." Defendant, the noteholder, purchased the property at the foreclosure where he was the only bidder. Defendant was then deeded the property.

Plaintiff contends that this error in spelling was a violation of the mandatory language in Code § 55-59.3, resulting in prejudice when the property sold for approximately $27,000 when it was assessed for tax purposes at approximately $70,000. Those values were alleged by Plaintiff in court. Defendant contends that the sale was a valid foreclosure and that,

despite the error in spelling, the advertisement was in substantial compliance with Code § 55-59.3. Citing *VHDA v. Fox Run Ltd. Partnership*, 255 Va. 356 (1998), Defendant argues that substantial compliance with the code section is all that is required.

Section 55-59.3 of the Virginia Code states the requirements of an advertisement for a sale of property pursuant to a deed of trust:

> The advertisement of sale under any deed of trust, in addition to such other matters as may be required by such deed of trust or by the trustee, in his discretion, shall set forth a description of the property to be sold, ·which description need not be as extensive as that contained in the deed of trust, and shall identify the property by street address, if any, or, if none, shall give the general location of the property with reference to streets, routes, or known landmarks. Where available, tax map identification may be used but is not required. The advertisement shall also include the time, place, and terms of sale and shall give the name or names of the trustee or trustees. It shall set forth the name, address, and telephone number of such person (either a trustee or the party secured or his agent or attorney) as may be able to respond to inquiries concerning the sale.

Ruling for the first time on Va. Code Ann. § 55-59.3, the Supreme Court of Virginia in *Fox Run* held that an advertisement which referred potential bidders to the description of the property in the deed of trust gave adequate notice of the property to be sold. *See Fox Run*, 255 Va. at 367. The Court ruled that where the advertisement "substantially complied" with the statute and the rights of the parties are not affected in any material way, a challenge to the foreclosure on that ground is defeated. *See id.*

Applying the rule of "substantial compliance" to the instant case, the court finds that the advertisement fulfilled the requirements under Code § 55-59.3 such that Plaintiff had adequate notice and potential bidders could identify the property. Additionally, the trustee's contact information, including his phone number, was printed in the advertisement.

Furthermore, this is not a case where the street name as spelled in the *Times-Dispatch* is that of another street in Richmond such as to mislead a potential bidder that the property was located at some other address. If a bidder could not discern that the street name should have been published as "Idlewyld" rather than "Idlewilde," a call to the trustee would have cleared up the matter with ease.

For the foregoing reasons, the court finds that the advertisement substantially complied with Code § 55-59.3 and will not void the foreclosure. Therefore, Plaintiff Clements' Motion for Summary Judgment is overruled, Defendant Prasad's Motion for Summary Judgment is sustained, and judgment is entered for Ravi Prasad against the Plaintiff Edith Dickerson Clements. The court orders that the Clerk shall cause the *lis pendens* to be released.